IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JANALDO TERREL SCOTT,  :
AIS 208278,
                                                       :
    Petitioner,
                                                       :
vs.                                                   CA 12-0214-KD-C
                                                       :
WILLIE THOMAS,
                                                       :
    Respondent.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate housed at Bibb County Correctional Facility in the Northern District of Alabama, 28 U.S.C. § 81(a)(5) ("The Northern District [of Alabama] comprises seven divisions. . . . The Western Division comprises the counties of Bibb, Greene, Pickens, Sumter, and Tuscaloosa. Court for the Western Division shall be held in Tuscaloosa."), filed a petition for habeas corpus relief in this Court on the correct form, pursuant to 28 U.S.C. § 2254, on April 19, 2012 (Doc. 4).[1] The petition avers that Scott is challenging the validity of his 2006 capital murder conviction in the Circuit Court of Butler County, Alabama. (Doc. 4, at 2.) Butler County, Alabama is located in the Northern Division of the Middle District of Alabama. *See* 28 U.S.C. § 81(b)(1) ("The Northern Division [of the Middle District of Alabama] comprises the counties of

---

    [1]    Petitioner's original petition was filed in this Court on March 7, 2012 (Doc. 1, at 15), albeit on an improper form (*see* Doc. 3).

1

Autauga, Barbour, Bullock, *Butler*, Chilton, Coosa, Covington, Crenshaw, Elmore, Lowndes, Montgomery, and Pike." (emphasis supplied)).

28 U.S.C. § 2241(d) confers concurrent jurisdiction over habeas corpus petitions upon the districts of confinement and conviction. Based upon the foregoing preliminary discussion, it is clear that this Court does not even enjoy concurrent jurisdiction over this action, since Scott is neither confined, nor was he convicted and sentenced, in the Southern District of Alabama. *Compare* 28 U.S.C. § 2241(d) ("Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.") *with Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 497, 93 S.Ct. 1123, 1131, 35 L.Ed.2d 443 (1973) ("[A] prisoner contesting a conviction and sentence of a state court of a State which contains two or more federal judicial districts, who is confined in a district court within the State other than that in which the sentencing court is located, has the option of seeking habeas corpus either in the district where he is confined or the district where the sentencing court is located."). Rather than recommending that the instant petition be dismissed for lack of jurisdiction, however, the undersigned recommends that this Court transfer this action "in the exercise of its discretion and in furtherance of justice" to the United States District Court for the Middle District of Alabama, "the district

within which the State court was held which convicted and sentenced [petitioner.]" *Braden, supra*, 410 U.S. at 497-501, 93 S.Ct. at 1131-1132.

Based upon the foregoing, it is recommended that, in the furtherance of justice, this action be transferred to the United States District Court for the Middle District of Alabama for all further proceedings.[2]

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

        **DONE** this the 23rd day of April, 2012.

                s/WILLIAM E. CASSADY
                **UNITED STATES MAGISTRATE JUDGE**

---

[2] The undersigned does not rule on petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) because this is a decision best left to the United States District Court for the Middle District of Alabama.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[3]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).